UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| iHEALTHCARE, Inc. | |
| *Plaintiff* | Case No. |
| v. | 2: 11-CV-396-JVB-APR |
| BARBARA GREENE, HILTON HUDSON, M.D., and PAUL JONES, M.D. | |
| *Defendants* | |

## DEFENDANT PAUL JONES'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISQUALIFY COUNSEL

Defendant, Dr. Paul Jones, by his attorneys THE LAW OFFICES OF MATTHEW S. RYAN, LLC, respectfully submits this Memorandum of Law in Support of His Motion to Disqualify Harold E. Collins ("Collins") and Collins & Collins, as counsel for Plaintiff iHealthcare, Inc. ("iHealthcare").  In support thereof, Defendant states as follows:

I.

## INTRODUCTION

The Plaintiff in this matter is iHealthcare.  The lawyer who purports to represent the Plaintiff in this matter is Harold E. Collins.  Collins and his law firm, Collins & Collins, are operating under incurable, unwaiveable, and nonconsentable concurrent conflicts of interest under Indiana Rule of Professional Conduct 1.7, and they must be disqualified.  First, iHealthcare is currently suing Harold Collins in the Circuit Court of Cook County, Illinois for breach of fiduciary duty and fraud related to his representation of iHealthcare in negotiating employment contracts for himself and a colleague, Vijay Gupta, in 2004 and 2006.  (Ex. A, Selected Portions of

iHealthcare's Answer and Counterclaim that was consolidated into *Collins v. iHealthcare, Inc. et al.*, No. 09 L 1470 (Cir. Ct. Cook Co, IL) (hereinafter "iHealthcare's Cplt."). Second, Collins is suing iHealthcare in the Circuit Court of Cook County, Illinois for "fraudulent conspiracy" and breach of the very same two employment contracts from 2004 and 2006, alleging $33,500,000 in damages.[1]  (Ex. B, Harold Collins's Complaint that was consolidated into *Collins v. iHealthcare, Inc. et al.*, No. 09 L 1470 (Cir. Ct. Cook Co, IL) (hereinafter "Collins's Cplt.")).  Moreover, a centerpiece of Collins's fraud claim in this case, purportedly brought on behalf of iHealthcare, alleges that one of the false representations made to iHealthcare was that as part of any transaction with the Sisters of Saint Francis Hospital Services ("SSFHS"), iHealthcare would "settle the contractual claims of Vijay Gupta, M.D. and Harold E. Collins."  (Cplt. ¶76(b) *see also* ¶¶ 79, 84, 92, 94, 97).

In other words, Collins, purportedly on behalf of iHealthcare, alleges that iHealthcare was defrauded as part of the transaction with SSFHS because Collins didn't get paid for his contractual claims against iHealthcare.  This odd juxtaposition of allegations illustrates two additional reasons for Collins's disqualification.  First, Collins has a personal interest in this litigation further warranting his disqualification under Rule 1.7.  Not only does Collins claim a personal financial interest, but the propriety of his conduct in negotiating the

---

[1] iHealthcare's demise, including Harold Collins's representation of iHealthcare and related corporate entities, has spawned a morass of litigation, including at least two other legal malpractice claims against Collins and his law firm.  (*See e.g.*, Ex. C, Heartland's Counterclaim and Third Party Complaint that was consolidated into *Collins v. iHealthcare, Inc. et al.*, No. 09 L 1470 (Cir. Ct. Cook Co, IL); *Abrams v. DLA Piper US LLP, Collins & Collins, Harold E. Collins and Michael R. Collins,* 09 L 002543, pending in the Circuit Court of Cook County).

employment contracts is squarely at issue.  Second, in order to prove iHealthcare's fraud claim in this matter, Collins will have to testify as a fact witness about his employment contracts, their legitimacy, and any and all misrepresentations made regarding the potential settlement of his other lawsuit against iHealthcare. Therefore, under Rule 3.7, this Court should disqualify Collins.

## II.

## FACTS RELATING TO THE MOTION

### A. The Parties

According to his own pleadings filed in a related matter, Collins was one of the founders and original investors in iHealthcare.  (Ex. B, Collins's Cplt. at 5). According to the Complaint in this case, Heartland Memorial Holdings, Inc. ("HM Holdings") is the 100% owner of Plaintiff iHealthcare, Inc.  (Cplt. at ¶ 5, 6). iHealthcare, in turn, owned 100% equity interest in Heartland Memorial Hospital, LLC ("Heartland Hospital"), an Indiana limited liability company, and iHealthcare's officers managed Heartland Hospital.  (Cplt. at ¶¶ 4, 10, 11).[2]  Collins was a 10% owner and member of iHealthcare's Board of Directors from 1994 until at least March 20, 2006.  (Ex B, Collins's Cplt. at 5).  Further, Collins served as General Counsel and Chief Financial Officer of iHealthcare and Heartland Hospital from 1994 until at least October, 2005.  (*Id.*; Cplt. at ¶¶ 36, 4).).  iHealthcare filed for Chapter 11 bankruptcy relief on March 16, 2007 in the United States Bankruptcy Court for the Northern District of Indiana.  (Cplt. at ¶¶ 2, 5, 6, 11).

---

[2] Heartland Hospital was organized under the name Illiana Surgery Center, LLC, in 1997.  It later changed its name to Illiana Surgery and Medical Center, L.L.C. in 1999, and before finally changing its name to Heartland Hospital in 2006.  (Cplt. at ¶ 10).

In October of 2006, HM Holdings and iHealthcare sold a surgery center (identified in the Complaint as "Munster Hospital Facility") and its equipment to the Sisters of St. Francis Health Services (SSFHS) for $42.8 million.  (Cplt. at ¶ 43).  At that time, Defendants Barbara Greene, Dr. Hilton Hudson, and Dr. Paul Jones (among numerous others who are not named as Defendants in the Complaint) were allegedly officers of iHealthcare.  (Cplt. at ¶¶ 7-9, 43, 47).   At bottom, Collins, purportedly on behalf of iHealthcare, contends the sale price to SSFHS was too low, and that iHealthcare's approval of the transaction was fraudulently obtained by Defendants, who, among other things, falsely promised to settle Harold Collins's lawsuit against his own client, iHealthcare, for "fraudulent conspiracy" and breach of two employment agreements.  (Cplt. ¶76(b)).

**B. iHealthcare's Lawsuit Against Collins for Breach of Fiduciary Duty and Fraud.**

In a lawsuit currently pending in Cook County, Illinois, iHealthcare accuses Harold Collins of egregious misconduct related to his representation of iHealthcare and Heartland Hospital, including breach of fiduciary duty and fraud.  (Ex. A, iHealthcare's Cplt.).  Significantly, iHealthcare alleges that Collins defrauded iHealthcare in negotiating his and Gupta's employment contracts and iHealthcare requests a declaratory judgment finding those contracts void.  Simply put, iHealthcare alleged that those contracts were bogus, never approved by the iHealthcare board, and, in any event, unfair and unreasonable to iHealthcare.  (Ex. A, iHealtcare's Cplt. at pp. 58-61).

More specifically, in its malpractice suit against Collins, iHealthcare alleges

4

the following, which are all relevant to the allegations this matter:

- …sometime in 2002, Gupta and Collins sought to amend and/or change their employment arrangements with iHealthcare and Illiana, to increase their compensation and benefits gradually and substantially in a number of different ways over the next few years, to obtain incentives such as bonus payments, a deferred compensation plan, and stock options, and to extend their employment agreements that were due to expire in 2003.  (Ex. A, iHealthcare Cplt. at p. 59, ¶24).

- …Collins instructed [Collins & Collins] to prepare draft employment agreements on behalf of himself and Gupta, each of which were entitled "Employment Contract" and were dated September 1, 2004. (*Id.* at ¶25).

- [Collins & Collins] billed Illiana for drafting the 2004 Employment Agreements.  (*Id.* at ¶26).

- The terms of Collins'[s] proposed 2004 Employment Agreement would have required iHealthcare and Illiana to, among other things, pay Collins a gross salary of $450,000 per year, including annual cost of living increases, an annual bonus as a corporate officer, eight (8) weeks paid vacation, and ten (10) sick days per year for each year of service starting in 1993.  (*Id.* at ¶29).

- In August 2004, Gupta and Collins presented the iHealthcare and Illiana Board of Directors with Gupta's and Collins'[s] proposed 2004 Employment Agreements.  Upon information and belief, Collins never informed iHealthcare or Illiana, orally or in writing, that it would be desirable for the companies to obtain independent legal counsel concerning his proposed 2004 Employment Agreement, and he never obtained written consent from either company agreeing to the essential terms of the [sic] his proposed 2004 Employment Agreement, as required by Indiana Professional Conduct Rule 1.8.  (*Id.* at ¶32).

- …iHealthcare's Board of Directors never approved, ratified or authorized the proposed 2004 Employment Agreements presented by Collins on his own and Gupta's behalf.  (*Id.* at ¶33).

- In fact…a number of iHealthcare and Illiana board members questioned the amount of salary, deferred compensation and termination-related compensation provisions in both 2004 Employment Agreements and specifically tabled any further discussion of these Agreements until a future date, which never occurred.  (*Id.* at

¶34).

- Furthermore, neither Gupta's nor Collins'[s] proposed 2004 Employment Agreement was approved by a vote of iHealthcare's shareholders…(*Id.* at ¶35).

- Despite their lack of Board of Directors and shareholder approval, sometime in the fall of 2004, Collins, on behalf of himself, and Gupta, on behalf of himself individually, iHealthcare, Inc. and Illiana, executed both 2004 Employment Agreements as if they had been approved by the Board.  (*Id.* at ¶36).

Regarding Collins's and Gupta's 2006 contracts, iHealthcare similarly alleged that those contracts were procured by fraud, and that Collins knowingly made fraudulent representations to iHealthcare's corporate parent in order to induce it to enter into those contracts.  (*Id.* at ¶¶66-96).

In addition to claims iHealthcare has made against Collins for breach of fiduciary duty and fraud, iHealthcare's wholly owned subsidiary, Heartland Hospital, also has malpractice and breach of fiduciary duty claims against both Harold E. Collins and the law firm of Collins & Collins pending in the Circuit Court of Cook County. (Ex. C, Heartland's Counterclaim and Third Party Complaint filed in *Collins v. iHealthcare, Inc. et al.*, No. 09 L 1470 (Cir. Ct. Cook Co, IL) (hereinafter "Heartland's Cplt.").  In that complaint, Heartland Hospital alleges that Collins and his law firm committed malpractice and breached their fiduciary duties to Heartland with respect to Collins's 2004 and 2006 employment agreements.  (*Id.*).  More specifically, Heartland Hospital alleged:

> When Collins and Collins & Collins represented Heartland Memorial, Harold Collins's interests were often adverse to Heartland Memorial's interests.  In those situations, Collins & Collins represented both Harold Collins and Heartland Memorial.  Neither Harold Collins nor

> Collins & Collins advised Heartland Memorial to obtain separate
> counsel to represent its interests.  As a result, Heartland Memorial's
> interests were not protected.  Harold Collins, however, took advantage
> of the situation and he and his firm drafted agreements which were
> beneficial to Harold Collins and his business associate, Vijay Gupta,
> and detrimental to Heartland Memorial.  Collins and Gupta are now
> suing Heartland Memorial and/or affiliates [including iHealthcare]
> under those agreements in separate lawsuits.

(*Id.* at ¶2).  Heartland Hospital's and iHealthcare's independent malpractice cases

against Collins were consolidated for purposes of discovery, motions, and pre-trial in

the Circuit Court of Cook County.  (Ex. D, Order Consolidating Cases entered in

*Collins v. iHealthcare, Inc. et al.*, No. 09 L 1470 (Cir. Ct. Cook Co, IL).  Both these

cases were stayed as a result of iHealthcare's bankruptcy proceedings, but they are

currently pending, and on November 10, 2011, the Bankruptcy Court for the

Northern District of Indiana lifted the stay to allow iHealthcare's and Heartland

Hospital's malpractice cases against Harold Collins to proceed.  (Ex. E, Order

Lifting Stay entered in *In re iHealthcare, Inc.*, 07-20612, at D/E 141 (Bankr. N.D.

Ind.)).

## C. Collins's Pending Lawsuit Against his Current Client, iHealthcare.

Despite his prior representation of iHealthcare and Heartland Hospital as

General Counsel for approximately 11 years and his purported representation of

iHealthcare in this matter, Collins is directly adverse to iHealthcare in at least one

lawsuit he filed against his purported client in this matter arising from the same

facts and circumstances that gave rise to this case.

In *Collins v. iHealthcare, Inc. et al.* No. 09 L 1470, Collins sued iHealthcare

for "fraudulent conspiracy" and breach of two separate employment agreements it

7

allegedly had with Collins from 2004 and 2006, respectively. (Ex. C; Collin's Cplt.). Collins alleges that iHealthcare caused him $25,000,000 in actual damages and requested $8,500,000 in punitive damages. (*Id.* at p. 48). Collins also alleges that iHealthcare "failed and refused to pay" the law firm Collins & Collins legal fees it claims was owed. (*Id.* at ¶55). In response, iHealthcare and Heartland Hospital counterclaimed against Collins for breach of fiduciary duty and fraud, respectively. (Ex. A, iHealthcare's Cplt. at pp. 78-81). The lawsuit remains pending in the Circuit Court of Cook County, Illinois.

**D. The Allegations Related to the Employment Contracts in This Case.**

In this matter, Collins has made his and Gupta's 2004 and 2006 employment contracts central to iHealthcare's fraud claims against Jones, Greene, and Hudson. (Cplt. at ¶ 76(b)). In its malpractice case against Collins, iHealthcare claims Collins procured these agreements by fraud and while operating under a conflict of interest and are therefore void. However, in this case, Collins, purportedly on behalf of iHealthcare, alleges that it approved a Sale/Leaseback Agreement with the Sisters of St. Francis Health Services in October of 2006 based on the "false and deceitful representation[]" that iHealthcare, as part of any transaction, would "settle the contractual claims of Vijay Gupta, M.D. and Harold E. Collins (herein the "Gupta-Collins Claims") representing approximately $7,000,000 and $6,150,000 respectively." (Cplt. at ¶ 76(b), *see also* ¶¶ 79, 84, 92, 94, 97).

Collins, on behalf of iHealthcare, elaborates that the basis for the Gupta-Collins claims is that: "[iHealthcare] owed over $20 million for employment

contracts with Vijay Gupta, M.D., Harold E. Collins and Jeffrey Yessenow, M.D., and other Old Management officers and directors, and these agreements were in default and Gupta and Collins had filed suit to collect their money."  (Cplt. at ¶ 94).

In short, Collins, purportedly on behalf of iHealthcare in this case, alleges that the transaction with SSFHS defrauded iHealthcare because the price was too low and Collins did not get paid out of the deal for his contractual claims pending against iHealthcare.  Thus, in order to prove the fraud claim in this case, Collins (and purportedly iHealthcare) will have to demonstrate the legitimacy of his employment contracts; the very same employment contracts iHealthcare alleges Collins procured by fraud and breach of his fiduciary duty.

## III.

## LEGAL STANDARDS

Under Federal law, litigants faced with an ethical dilemma should immediately seek guidance from the Court.  *Cobur v. DaimlerChrysler Servs. N. Am. L.L.C.*, 289 F.Supp.2d 960, 967 (N.D. Ill. 2003).   A district court possesses "broad discretion" in determining whether disqualification is required in a particular case.  *Doe v. The Catholic Archdiocese of Chicago,* 2010 WL 2293460 (N.D. Ill. June 8, 2010).  Although motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment," the Seventh Circuit has instructed courts to resolve doubts in favor of disqualifications. *Freeman*, 689 F.2d at 722; *see also Exterior Sys., Inc. v. Noble Composites, Inc.*, 175 F.Supp.2d 1112, 1115 (N.D. Ind. 2001) citing *United States v. Goot*, 894 F.2d 231,

235 (7th Cir. 1990).  The mere "appearance of impropriety" is sufficient to grant a

motion to disqualify counsel.  *Roncone v. Ligurotis*, 19992 U.S. Dist.LEXIS 17658,

*4 (N.D. Ill. 1992) citing *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263 (7th

Cir. 1983).

**IV.**

**ARGUMENT**

Harold Collins and his namesake firm, Collins & Collins, must be disqualified

under Indiana Rules of Professional Conduct 1.7 and 3.7.  iHealthcare is suing

Collins for breach of fiduciary duty and fraud, alleging that Collins's employment

contracts were bogus, and fraudulently negotiated while Collins labored under a

conflict of interest in violation of Rule 1.8. [3]  (Ex. A, iHealthcare's Cplt.).  This

litigation is currently pending in Cook County, Illinois.

In 2006, Collins sued iHealthcare, Inc., the party he purportedly represents

in this matter, for two counts of breach of contract and one count of "fraudulent

conspiracy."  (Ex. B, Collins's Cplt.).  This case is still pending in the Circuit Court

of Cook County, Illinois.  Among other things, Collins alleges that his purported

client in this matter, iHealthcare, wrongfully terminated him as an employee,

breached an employment contract with him, breached a consulting contract with

him, and wrongfully denied him and his family health insurance benefits, causing

$8,691,993 in damages to Collins.  (Ex. B, Collins's Cplt. at ¶¶41-80).  Further,

Collins alleges that his purported client, iHealthcare, engaged in a "fraudulent

---

[3] IRPC 1.8 governs specific concurrent conflicts of interest, including when a lawyer enters into a business transaction with a client or knowingly acquires a financial interest adverse to a client. IRPC 1.8.

conspiracy" with "malice" to do all the aforementioned, causing a total of $25,000,000 in actual damages. (*Id.* at p. 48). Collins also requests $8,500,000 in punitive damages. (*Id.*).

In light of iHealthcare's pending litigation against Collins and Collins's pending litigation against his own client, there is no way he and his firm can continue to represent iHealthcare in this matter, and they must be disqualified under Rule 1.7. Further, since Collins has made the legitimacy of his employment contracts and his underlying litigation against iHealthcare under those contracts a central issue in this case, he will have to testify as a fact witness in this matter, and he should be disqualified under Rule 3.7.

### A. Collins's purported Representation of iHealthcare, Inc. violates Rule 1.7

Indiana Rules of Professional Conduct 1.7 prohibits a lawyer from representing clients if the representation involves a concurrent conflict of interest stating:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
>> (1) the representation of one client will be directly adverse to another client; or
>>
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

IRPC 1.7(a).

This case clearly presents an unwaivable and irreconcilable concurrent

11

conflict of interest under Rule 1.7(a)(1). First, there is no question that Collins is adverse to his client in this matter, iHealthcare. In fact, Collins is adverse both as an attorney and a party by virtue of iHealthcare's pending claims against him for breach of fiduciary duty and fraud and for his pending claims against iHealthcare for payment under the employment contracts and for the alleged "fraudulent conspiracy."

> The comments to IRPC 1.7 provide the policy rationale for the rule:
>
>> Loyalty to a current client prohibits undertaking representation directly adverse to that client without that client's informed consent. Thus, absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated. The client as to whom the representation is directly adverse is likely to feel betrayed, and the resulting damage to the client-lawyer relationship is likely to impair the lawyer's ability to represent the client effectively. In addition, the client on whose behalf the adverse representation is undertaken reasonably may fear that the lawyer will pursue that client's case less effectively out of deference to the other client, *i.e.*, that the representation may be materially limited by the lawyer's interest in retaining the current client.

IRPC 1.7, Cmt. 6. Indeed, the notion that iHealthcare, which has sued Collins for breach of fiduciary duty and fraud and is currently embroiled in litigation with him, would trust Collins to represent it in this matter, is difficult to believe.

Second, Collins's representation of iHealthcare in this matter runs afoul of Rule 1.7(a)(2) as he has a personal financial and professional interest in this case. There is certainly a "significant risk" that Collins's representation of iHealthcare would be materially limited by his own personal interest in his lawsuit pending against iHealthcare, namely, to recover millions of dollars for iHealthcare's alleged

breach of his employment contracts and "fraudulent conspiracy." Thus, Collins's personal interests and those of his client (himself) are directly adverse to iHealthcare's interests in violation of Rule 1.7(a)(2).

As previously stated, iHealthcare alleges in its claims for breach of fiduciary duty and fraud against Collins that Collins's employment agreements were a sham. Paradoxically, in order to prove his fraud claims in this case, Collins (on behalf of iHealthcare) has not only alleged the exact opposite position purportedly on behalf of iHealthcare, but also must demonstrate that those contracts were legitimate, and that iHealthcare's failure to settle Collins's claims against it constituted a fraud upon itself (iHealthcare). The allegations are nonsensical, but nonetheless, to prove them, Collins would have to testify in defense of his own conduct in negotiating the employment agreements.

The comments to Rule 1.7 caution against Collins's representation in this situation, providing: "[i]f the probity of the lawyer's own conduct in a transaction is in serious question, it may difficult or impossible to give a client detached advice." IRPC 1.7 Cmt. 10. Collins's actions are already in dispute in the two malpractice cases pending in Cook County, Illinois, and the legitimacy of iHealthcare's contracts with Gupta and Collins will similarly be at issue in this case. At a minimum, in response to the allegations of Paragraph 76 of the Complaint that Defendants falsely promised to settle Collins's contractual claims against iHealthcare, Defendants will likely take the position that iHealthcare has taken in its malpractice claim against Collins: that those contracts were illegitimate and

13

procured by Collins's own fraud, putting Collins's personal actions at issue. (Cplt. at ¶76).

Finally, Collins's conflict of interest is nonconsentable under the Rules.  IRPC 1.7(b)(1).  Even when a lawyer has a concurrent conflict of interest, such as Collins has in this case, the lawyer may still represent a client in certain limited circumstances provided in Rule 1.7(b).  But none of these circumstances exists here, and Collins's conflict is incurable, unwaivable, and nonconsentable.  Rule 1.7(b) provides:

> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> >
> > (2) the representation is not prohibited by law;
> >
> > (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> >
> > (4) each affected client gives informed consent, confirmed in writing.

IRPC 1.7(b).

For all the reasons discussed above, there is no way Collins could reasonably believe that he could provide "competent and diligent representation" to iHealthcare in this matter.  IRPC 1.7(b)(1).  For one, he has to take a position on his employment contracts that directly contradicts iHealthcare's allegations that those contracts were illegitimate and procured by Collins's own fraud.  (*Cf.* Cplt. ¶¶76(b), 79 and Ex. A, iHealthcare's Cplt. at pp. 78-81).  The contradictions in positions

between iHealthcare and its purported counsel, Collins, raises the question of whose interests Collins really represents in this matter: iHealthcare's or his own.

Further, iHealthcare has sued Collins in a separate matter for breach of fiduciary duty and fraud.  It is unfathomable that iHealthcare would now trust Collins and consent to his representation in this matter.  In that regard, Collins's authority to undertake such representation and file this lawsuit is uncertain, as iHealthcare, Inc. has been administratively dissolved by the Indiana Secretary of State and remains only an empty corporate shell for purposes of its bankruptcy proceedings.  While Judge Klingeberger authorized Collins to represent iHealthcare as co-counsel with Chester Foster in three adversary proceedings, that authorization was limited to those matters and has no effect on Collins's ability to represent iHealthcare in this or any other matter outside the bankruptcy court. (Ex. F, iHealthcare's Motion to Employ Special Counsel, *In re iHealthcare, Inc.*, 07-20612, at D/E 70 (Bankr. N.D. Ind. 6/22/09); Ex. G, Order Authorizing Retention of Employ Special Counsel entered in *In re iHealthcare, Inc.*, 07-20612, at D/E 83 (Bankr. N.D. Ind. 7/30/09)).  Indeed, one of the adversary proceedings pending before Judge Klingeberger is nearly identical to this case, and Collins cut and pasted the vast majority of those allegations to constitute the Complaint in this matter.  *Abrams v. Collins, et al.*, 09-A-2068 (Bankr. N.D. Ind.).  Thus, Jones has separately filed a motion to dismiss this case for the prior pending action in the bankruptcy court.

**B. Collins is likely to be a witness in this matter, warranting his disqualification under Rule 3.7.**

Under, Rule 3.7, withdrawal of counsel is necessary if counsel for a party will be called as a witness in the case.  The primary consideration of Rule 3.7 is whether the lawyer is a "necessary witness." *Knowledge A-Z, Inc. v. Sentry Ins.,* 857 N.E.2d 411, 418 (Ind.Ct.App.2007). When the attorney's testimony is "relevant, material, and unobtainable elsewhere," the rule's necessity requirement is met. *Borom v. Town of Merrillville,* No. 2:07 CV 98, 2007 WL 1797639, at *2 (N.D.Ind. June 19, 2007) (citing *Stewart v. Bank of Am. N.A.,* 203 F.R.D. 585, 586 (M.D.Ga.2001); *Carta ex. rel. Estate of Carta v. Lumbermens Mut. Cas. Co.,* 419 F.Supp.2d 23, 29 (D.Mass.2006) (quoting *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell,* 239 F.Supp.2d 1170, 1173 (D.Colo.2003)).

Collins, with a lengthy history as CFO and General Counsel to iHealthcare and affiliated entities, may be called upon to provide factual testimony regarding many of the allegations in iHealthcare's complaint.  However, with certainty, Collins will be required to testify regarding his actions related to the creation of the 2004 and 2006 employment contracts between iHealthcare and Collins and iHealthcare and Gupta – the very same contracts under which he sued iHealthcare. iHealthcare's fraud claim in this matter also depends, in part, on the legitimacy of those contracts.

For example, Collins will have to testify regarding iHealthcare's allegations in its complaint against him for malpractice.  In that matter, iHealthcare alleged that "[d]espite their lack of Board of Directors and shareholder approval, sometime

16

in the fall of 2004, Collins, on behalf of himself, and Gupta, on behalf of himself individually, iHealthcare, Inc. and Illiana, executed both 2004 Employment Agreements as if they had been approved by the Board." (Ex. A, iHealthcare Cplt. at ¶36). iHealthcare also alleged that Collins defrauded Heartland Hospital in his negotiation of the 2006 employment contract. (*Id.* at p. 56, ¶¶8-9, pp. 80-81). Further, iHealthcare alleged that Collins breached his fiduciary duty to his client, iHealthcare, by failing to properly disclose all material facts in connection with his employment contracts, failing to advise iHealthcare to obtain independent counsel to negotiate the contracts with Collins, and entering into a business transaction with iHealthcare, his client, that was neither fair nor reasonable to iHealthcare, thereby violating Rule 1.8. (Ex. A, iHealthcare Cplt. at pp. 78-80).

At a minimum, Collins's testimony will be necessary to determine the veracity of these allegations and the legitimacy of his and Gupta's employment contracts. Moreover, since these allegations directly involve the probity of Collins's own conduct, Collins may want to testify in his own defense, raising serious questions about the biased nature of such testimony. Indeed, the United States District Court for the Northern District of Illinois disqualified Harold Collins under very similar circumstances. In *Dearborn Financial Services Corp. v. Heath*, 1999 WL 1011860 (N.D. Ill. Sept. 30, 1999), the court disqualified Collins under Rule 1.7 and 3.7. In that case, Collins purported to represent the plaintiff, Dearborn Financial Services. (*Id.* at 4-5). Collins was also the president of Dearborn Financial Services. The court held that "[b]ecause Mr. Collins will be called as a

17

witness for the defendants in this litigation, and additionally, because Mr. Collins, as president of Dearborn Financial Services, may not act as an impartial advocate for the other plaintiff-investors in this case," he should be disqualified.  The court found that, as in this case, Collins "testimony is without a doubt relevant to the litigation." (*Id*.).  Thus, the court disqualified Collins, opining that:

> As a rule, lawyers should not act as both an advocate and a witness in the same proceeding because he may not act as an objective witness who may distort the truth for the sake of his client.  Another paramount concern is that the trier of fact may give undue weight and credibility to the attorney who acts as a witness which would either unduly advantage or disadvantage the client.  It is for these reasons that counsel should avoid being both advocate and witness.

(*Id*. at 4 (citations omitted).  The comments to Rule 3.7 echo the *Dearborn* court's concerns:

> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

IPRC Rule 3.7 Cmt. 2.

These concerns are present in this case.  Collins will have to testify regarding his employment contracts which his purported client in this matter alleges are illegitimate.  There is a significant risk that Collins's testimony would be objective because of his personal, financial interests in the employment contracts and his professional interests in defending himself against iHealthcare's malpractice claims.  Moreover, the risk that a jury may be confused by Collins's dual role in the litigation warrants his disqualification under Rule 3.7.  Under no circumstances

should Collins and his law firm be permitted to proceed as counsel for iHealthcare. They must be disqualified.

## V.

## CONCLUSION

Finally, iHealthcare is also represented by able counsel in Foster, Kallen & Smith.   This motion is not made to harass or prejudice the Plaintiff in any way. Indeed, iHealthcare would not be prejudiced, as Foster, Kallen & Smith could continue its representation of the Plaintiff without Harold E. Collins or Collins & Collins, thus obviating all the ethical concerns raised in this motion.

WHEREFORE, Defendant Paul A. Jones respectfully requests that this Court disqualify Harold E. Collins and the law firm of Collins & Collins from participation in this matter, and any other relief the Court deems fair and just.

Respectfully submitted,

/s/ Matthew S. Ryan_____
An attorney for Defendant, Paul A. Jones

Matthew S. Ryan, Attorney No. 6278362
Gregory R. Swygert, Attorney No. 6293915
Law Offices of Matthew S. Ryan, LLC
33 N. Dearborn, Suite 600
Chicago, IL 60602
(t) (312) 265-8267
(f) (312) 238-9129
*Attorneys for Dr. Paul Jones*

## CERTIFICATE OF SERVICE

I certify that on the 9th day of January, 2012, I electronically filed the above and foregoing pleading or paper with the United States District Court for the Northern District of Indiana using the ECF system which sent notice to counsel of record:

Harold E. Collins, Esq.
Michael R. Collins, Esq.
Collins & Collins
8 South Michigan Avenue, Suite 1414
Chicago, IL 60603
Harold.colllins@collinsandcollins.com

John K. Henning
Jan Michelson
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
111 Monument Circle, Suite 4600
Indianapolis, IN 46204
John.henning@ogletreedeakins.com
Jan.michelseon@ogletreedeakins.com

Robert A. Anderson, Attorney No. 15359-71
Steven P. Lammers, Attorney No. 26443-64
KRIEG DEVAULT LLP
833 West Lincoln Highway, Suite 410W
Schererville, IN 46375
Phone: (219) 227-6100
randerson@kdlegal.com
slammers@kdlegal.com

Jeffrey C. McDermott, Atty. No. 11247-49
KRIEG DEVAULT LLP
12800 North Meridian Street, #300
Carmel, IN 46032
Phone: (317) 636-4341
jmcdermott@kdlegal.com

Mark W. Bina
KRIEG DEVAULT LLP
30 N. LaSalle Street, Suite 3516
Chicago, IL 60602
Phone: (312) 423-9300

mbina@kdlegal.com

      The foregoing pleading or paper was also served on the following by depositing a copy of the same in the United States Mail, first-class postage prepaid this 9th day of January, 2012:

Chester H.Foster, Jr. Esq.
Justin B. Foster, Esq.
Foster, Kallen & Smith
3825 W. 192nd Street
Homewood, IL 60430

                      /s/ Matthew S. Ryan
                      Matthew S. Ryan